InsiiEr, J.
On the 7th day of April, 1837, the plaintiff, John Perkins, Sr., by notarial act passed in the city of New Orleans, made to his son, John Perkins, Jr., a donation inter vivos, duly accepted, of one of the largest estates in Louisiana, comprising five plantations, slaves, etc.
It was stipulated in the act, as the conditions on which the donation was made:
1.That the donee should pay to his father annually, and on the first day of January, the sum of fifteen thousand dollars.
2.That he should pay to Mrs. Ellen M. Perkins, the widow of the donor’s deceased son, William Perkins, twenty thousand dollars.
3.That at the death of the donor, he should, pay to the grandchildren of the donor, the daughters of the deceased’s son, William Perkins, three in number, the sum of two hundred and forty thousand dollars.
John Perkins, Jr,, under this act of donation, went into possession of the large estate of eighteen thousand acres of land, etc., and enjoyed its revenues.
He complied with the second condition, but the other conditions remained unfulfilled; and the present suit was instituted against the donee, an absentee, to whom a curator ad hoc was appointed by the Court, to revoke the donation.
Afterwards, some of the creditors of John Perkins, Jr., instituted attachment suits for large amounts.
These creditors attempted, but were not allowed by the Court to intervene in the present suit, the Court being of opinion that the interventions would retard its progress, as there .was not sufficient time to have the petitions of intervention served, and issue joined on them.
The case was' submitted to a jury, and a judgment was rendered on their verdict in favor of the plaintiff revoking the donation, and from this judgment the curator ad hoc and the creditors have appealed.
In this court the defendant appears by.counsel and attorney in fact, specially appointed by him, who has filed, with his procuration, a paper, in which he states, that the defence of the case is entirely without merits, and he acquiesces in the demand of the plaintiff to the dismissal of the appeal.
This, so far as regards the appeal taken by the ourator ad hoc, he is at liberty to do; but the appeal taken by the creditors, whose interventions were rejected, stands upon a very different footing. They, as appellants, regularly in court, have the legal right to prosecute their appeal, and that right cannot be defeated by any cbncert of action between the original parties to the suit. 571, C. P.
The joint motion of the plaintiff and defendant, to dismiss the appeal, is therefore overruled.
The proceedings in this case, in the court below, stated chronologically, were as follows: The petition, in the revocatory action, was filed on the 13th December, 1865, and two days after a curator ad hoc was appointed to represent the absent defendant. Ha was served with process on the *259 21st March following, but no issue whatever was joined by him until the 19th November, 1866, when he filed an answer. Two days afterwards the interventions were filed, and being dismissed, the trial took place, and the judgment therein was rendered on the 21th of the same month.
The object of the ere litors’ interventions, in the suit, was to prevent the revocation of the donation, which they considered a fraudulent and collusive scheme to defeat their claims against the donee.
On these grounds they had the legal right to intervene in the suit, either before or after issue joined, provided the interventions did not retard the principal suit. See Art. 391, O. P.
No service of the interventions could then be legally made, to enable them to take part in the trial which took place; but, otherwise, they declared their readiness to go to trial.
The question submitted to us by bills of exception, and by assignment of errors, is' whether, under the facts and circumstances of this case, the intei-ventions were properly shut out.
This Court has already had occasion to interpret Art. 391 of the Code of Practice, and the construction put upon it is not the strictly literal one adopted by the Court below, but that the letter of the law may be disregarded with the honest intention of seeking its spirit; and the Court says: “ The construction which the inferior Judge has given to the Art. 391 of the Code of Practice, is Lord Coke’s maledicia interpretado, corrodil viscera testi.”
The substance of the decisions in 16 La. 268 and 3 An. 331, is, that although an intervention, filed before or after issue joined, cannot retard the principal suit; yet, time must he allowed to cite the party against whom it is directed, and the same delays to answer, etc. Quando lex aliquid alioui conced'd, concederé videtur id sine quo res ipsa esse non potest.
The Judge below erred, in refusing to admit the creditors’ interventions. Art. 391, C. P. And the judgment rendered by him must he set aside, and the cause remanded.
It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; and it is further ordered that the interventions of the creditors of John Perkins, Jr., the appellants in this case, in the case of John Perkins, Sr., v. John Perkins, Jr., be admitted and allowed, and that the case be remanded to the District Court for that purpose, and for further proceeding according to law. It is further ordered, that the costs of appeal be paid by the appellees.
Labauve, J., recused.